## The President, Directors and Company of the Maine Bank *versus* Joseph B. Hervey.

An amendment of a writ after service and without leave of the Court is illegal; but if it be afterwards assented to by the defendant, it can no longer afford any legal objection to the further prosecution of the suit.

If there be an omission in the oath, required by the poor debtor acts to authorise the arrest of the body of the debtor, of the words, " *establish his residence beyond the limits of this State,*" and of the words, " *that the demand in the writ is, or the principal part thereof, due him,*" and there be no other words equivalent thereto, the arrest will not be regarded as a service of the writ, but is illegal, and the plaintiff can derive no advantage from it.

Where an action is entered in Court without a service of the writ, the defendant may voluntarily appear and take upon himself the defence; and by a general appearance he becomes a party to the suit, is regularly in Court, and authorises it to state that fact upon the record, and upon proper proof from the plaintiff, to render judgment against the defendant, unless in accordance with its rules of practice he can make a legal defence.

A general appearance to the action cures all defects in the summons and service; but a special one for the purpose of taking advantage of defects, is not attended with such consequences.

But a general appearance will not deprive the defendant of the benefit of the rules of Court; and he may still, within the rules, plead any matter in abatement.

Whenever it becomes apparent on inspection, that the Court has no jurisdiction, it will at any time stay all further proceedings.

The rules of the District Court must govern its practice; and if a plea in abatement, by its rules, is filed too late, it cannot be received.

If the defendant enter a general appearance, where the Court has jurisdiction, the action will not be dismissed on motion for any defect in the service of the writ, if made after it is too late to plead in abatement.

While the Court would act upon it, as a general rule of practice, that a motion to quash for defects apparent on the inspection of the record, if not made within the time required for filing a plea in abatement, should be overruled, there may be exceptions to the rule; such for instance as where the plaintiff withholds the writ until after the time for filing a plea in abatement has elapsed.

Exceptions from the Western District Court, Whitman J. presiding.

When this action was called for trial, at June Term, 1841, on the 11th day of the term, the said Hervey, by his attorney, moved that the plaintiffs' writ abate for want of legal service upon the

defendant; he also had filed a plea in abatement setting forth the causes of abatement as hereinafter stated, on the 8th day of the term, being the first day he had seen the writ, but not until after the new entries had been called. The motion and plea stated, and an inspection of the writ showed, that the writ was originally dated April 21st, 1841, and subsequently altered in another hand to the 20th of April. Upon inquiry being made by defendant's counsel, Mr. Daveis who made the alteration, stated that it was done to make the date conform to the fact, that the writ was actually made on the 20th, but it was altered after the writ had been returned to him by the sheriff with the bail bond annexed. Discovering the mistake, he immediately made the alteration, and gave the writ back to the sheriff. The sheriff testified that he took the writ and bond back, and called upon the defendant and the surety, stated to them the mistake, and they consented to it, but he made no alteration in the service or return. The officer's return stated, that on the 20th of April he arrested the defendant, and took bail as required by the statute. Mr. Adams stated, that he made the writ at the bar, while the Supreme Court was sitting, at the request of Mr. Daveis, and that he thought the day was April 21st, until Mr. Daveis called his attention to it after the service, on the same day, and he was satisfied he was mistaken. The defendant objected to all statements in contradiction to the matter apparent on the record. It further appeared that the oath taken by the plaintiffs' attorney and entered on the back of the writ, omitted the words " establish his residence beyond the limits of this State," and the words "and that the demand in the writ is, or the principal part thereof, due him," required by the statute. Whereupon the attorney of the defendant moved that he be not held to answer to said suit.

The Court ruled that the appearance of the defendant by attorney on the docket, without specification of his object, was a waiver of the objections ; that the motion should have been made before the new entries were called ; and therefore order-

ed the defendant to be called. To which ruling the said Hervey excepted.

*Willis* and *W. P. Fessenden*, for the defendant.

It appears by the exceptions in this case that the oath taken, and which was essential to authorize the arrest of the debtor, was fatally defective in two important particulars, viz : in not alleging that the defendant was " about to establish his residence beyond the limits of this State," and in omitting the words, " and that the demand in the writ is, or the principal part thereof, due him."

Without these words the arrest was entirely unauthorized and illegal. Act 1835, c. 195, § 3.; *Whiting* v. *Trafton*, 4 Shepl. 398. Then, no authority existed for the arrest and it was *illegal ;* and *consequently*, as nothing else was done, as no summons was left, or delivered, as provided by law, there has been no *service* of the writ whatever, and therefore the Court had no jurisdiction of the suit.

That a defect apparent on the face of the writ may be taken advantage of *on motion* appears by numerous cases. This principle of practice is recognized in *Hathorne* v. *Haines*, 1 Greenl. 245 ; *Blake* v. *Freeman*, 13 Maine R. 130 ; *Upham* v. *Bradley*, 17 Maine R. 423. When must such a motion be made ? If a plea in abatement were necessary the 18th rule of this Court requires it to be filed within two days after entry. But this is not a plea in abatement, but a *motion*, and by the 27th rule, these must be made at the opening of the Court on the 2d day of the term, *ordinarily ;* but it is *"provided* that when the cause or ground of such motion or application shall first exist or become known to the party, *after* the time in this rule appointed for making the same, *it may be made* [if the cause require it] *at any subsequent time."*

The case shews that the motion was made by plea on the day the facts became known to the defendant's counsel. There has been therefore, no laches on his part.

The rules of the District Court, in which this suit was commenced, require that pleas in abatement must be filed before

the time allowed for calling the new entries; but there is no rule of that court requiring that motions, for defects apparent on the face of the record, should be made within that time. This motion, then, was seasonably made.

And although it may be true, as stated by EMERY J. in *Traf-lon* v. *Rogers*, 13 Maine R. 320, that "*generally,* when the objection is taken by motion, it is entitled to no more favor in point of time within which it should be made, than a plea in abatement," yet the cases cited by him do not confirm his position; and even if true, *generally,* the principle cannot apply to a case where the party *does not know the facts,* and cannot be presumed to know them within that time. *Rathbone* v. *Rathbone,* 4 Pick. 89.

The same case shows, that the decisions of the Court below upon its own rules are not final, but subject to revision here.

It has been repeatedly settled that where it appears *by the proceedings* that there has been no legal service of the writ, the Court will, *ex officio,* refuse to proceed in the suit, and stay all proceedings. *Tingley* v. *Bateman,* 10 Mass. R. 343; *Gardner* v. *Barker,* 12 Mass. R. 36; *Jacobs* v. *Mellen,* 14 Mass. R. 132; *Lawrence* v. *Smith,* 5 Mass. R. 362.

The Court will dismiss such a writ on *inspection.*

The defendant did not lose the right to take advantage of this illegal service, or in the want of service, by the appearance of his attorney.

It was good in abatement. Had the attorney filed his plea in abatement within the time limited for such pleas, he would not have lost the benefit of it by having entered his name in the docket.

Then if his *motion* was *in time,* he could not have lost the benefit of it by having so entered his name. His appearance must be construed to have been for the express purpose of taking advantage of the exception. *Blake* v. *Jones,* 7 Mass. R. 28, and cases before cited. He could only lose the right to take this exception by a general continuance, or by having pleaded in bar, or the general issue.

The plaintiffs have no right to amend their writ, after service. *Greeley* v. *Thurston*, 4 Greenl. 479.

*C. S. & E. H. Daveis*, for the plaintiffs.

A plea in abatement in this case was filed on the eighth day of the term of the W. D. C. in June, 1841, and after the calling of the new entries upon the ground of defect in the service of the writ, by reason of the omission of a part of the oath required by the *statute in regard to the arrest of the debtor.*

A motion to quash the writ upon the same grounds was made on the eleventh day of the term.

The plea in abatement was not filed in season. Rule 8th, of the Western District Court.

The defendant contends that the motion was made by plea on the day the facts become known to the defendant's counsel. What can be taken advantage of on motion is not ordinarily a proper subject for a plea.

The defendant had real and substantial notice of the whole writ at the time of his commitment, when the certificate and oath formed a part of it. And the writ was at the plaintiff's command on the first day of the term, and if he did not then know the form of the oath certified upon it, it was his own laches; he had constructive notice at least. But it was for the defendant to shew to the satisfaction of the Court that he had no knowledge of these facts until the time the motion was made. This was not done.

In fact there is no rule of the Western District Court, authorizing the plea or motion, when made. And this Court will not impose rules upon the District Court regulating the *order* of proceedings there, nor in ordinary cases interfere with its regulations for the despatch of business. The case of *Rathbone* v. *Rathbone*, 4 Pick. 89, cited by defendant, is to the point that the decisions of the Common Pleas upon its own Rules are not final, but that case was an extraordinary one. The effect of the construction being to deprive the defendant of his *means* of *defence*, in gross contravention of the intention of the statute allowing him to come in and defend.

There can be no question that the plea in abatement was filed too late. If it could be regarded as a motion according to the construction claimed for it by the defendant, it was still too late. A motion to quash a writ must be made at as early a period as is prescribed by law for a plea in abatement. *Trafton* v. *Rogers*, 13 Maine R. 320.

This decision of our own Court is supported by the cases in Massachusetts. *Simonds* v. *Parker*, 1 Metc. 508; *Kittredge* v. *Bancroft*, ib. 513.

Chief Justice Shaw says that the time for moving to dismiss, depends upon the same reasons as those for limiting the time for a plea in abatement.

The ground of the motion is a mere defect in the service of the process and this is cured by a general appearance by attorney. *Knox* v. *Summers*, 3 Cranch, 496; 1 Chitty's R. 129.

Although a defect in the affidavit to hold to bail may be substantial, yet it must be objected to within a reasonable time; and it is too late to object after the defendant has put in bail. 3 Chitty's Practice, 340, citing *Reeves* v. *Hooker*, 2 Tyr. 161; S. C. 2 Crom. & J. 44.

In *Ripley* v. *Warren*, 2 Pick. 592, Chief Justice Parker said, "all irregularities in process must be taken advantage of by motion or plea in abatement in the first stage of the process," citing *Gilliland* v. *Morrell*, 1 Caines, 154; *Hart* v. *Weston*, 5 Burr. 2587.

The case of *Ripley* v. *Warren*, is cited and affirmed in *Carlisle* v. *Weston*, 21 Pick. 535, and in *Simonds* v. *Parker*, 1 Metc. 508, 511, where Chief Justice Shaw says, "the writ was manifestly bad, on its face, in not complying with an express direction of the constitution of the Commonwealth," and he gives this among other reasons for the rule. "If a party takes no notice of any matter of exception to the form or service of the process in an early stage of the proceedings, it affords a reasonable ground to conclude that he considers them of no importance and is willing to proceed to a trial of his rights upon the substantial merits of the controversy."

The cases are uniform in maintaining the reasonableness of the rule that all defects of service must be taken advantage of at the earliest stage of proceedings, whether by motion or plea in abatement. It is decided expressly in *Simonds* v. *Parker*, and in *Trafton* v. *Rogers*, that a motion is entitled to no more favor in point of time than a plea in abatement. While the case of *Rathbone* v. *Rathbone*, cited by defendant, as establishing the contrary, is not at all in point.

The defendant contends that the arrest was illegal, and therefore that the Court had no jurisdiction of the suit, and cases are cited to show, that when the Court has no jurisdiction of the suit, it will *ex officio*, and at any time abate the writ. This language is inapplicable since the Court had jurisdiction over the suit and the parties. It was a defect of service merely, and the same omission in the affidavit was so holden in *Brigham* v. *Clarke*, 20 Pick. 50 ; and in *Ripley* v. *Warren*, 2 Pick. 592. An equally fatal defect was held to be cured by the defendant's appearing and pleading.

The cases cited by the defendant from 10 Mass. R. 343, 12 Mass. R. 36, 14 Mass. R. 132, and 5 Mass. R. 362, are all cases where there was neither person nor property within the jurisdiction of the Court, and not cases of defect in the form of service of the writ.

The case, *Blake* v. *Jones*, 7 Mass. R. 28, cited by the defendant, merely decides that a party *may* appear for the express purpose of taking advantage of an exception. And the defendant must state in his motion that he appears for that purpose only, as was done in *Ames* v. *Windsor*, 19 Pick. 247.

The attorney's entering his name under the action is a *general* appearance. Howes' Practice, 203 ; *Knox* v. *Summers*, 3 Cranch, 496.

The defendant cannot say that his appearance was for the express purpose of taking advantage of an exception, of the grounds of which he professes to have been ignorant until the eighth day of the term.

In regard to the amendment of the writ after service, it was, in the first place, proved to have been done with the knowl-

edge and consent of the defendant. Secondly, the amendment was allowed by the Court, upon proof that the writ was actually made on the 20th, and that its being dated the 21st was by mistake ; and it is competent to prove by parol evidence that a writ appearing by its date to have been issued on one day, was in fact issued on a different day. *Trafton* v. *Rogers*, 13 Maine R. 315 ; *Bragg* v. *Greenleaf*, 14 Maine R. 395.

The opinion of the Court was afterwards drawn up by

SHEPLEY J.—Although the amendment of the writ after service, and without leave of the Court, was illegal, yet having been afterwards assented to by the defendant, it can no longer afford any legal objection to the further prosecution of the suit. The affidavit required to authorize an arrest was insufficient ; the arrest was illegal ; and the plaintiffs can derive no advantage from it. *Whiting* v. *Trafton*, 4 Shepl. 398. The service having been illegal the writ may be regarded as presented in Court and the entry of the action as made without service. The defendant in such cases may voluntarily appear and take upon himself the defence. By a general appearance he becomes a party to the suit, is regularly in Court, and authorizes it to state that fact on record, and upon proper proof from the plaintiff, to render judgment against him, unless in accordance with its rules of practice he can make a legal defence. Such a general appearance to the action cures all defects in the summons and service. *Dalton* v. *Thorp*, Cro. Eliz. 767 ; *Rex* v. *Johnson*, 1 Stra. 261 ; *Caswall* v. *Martin*, 2 Stra. 1072 ; *Knox* v. *Summers*, 3 Cranch, 498. A special appearance for the purpose of taking advantage of defects, can have no such effect, and it is so stated in the case of *Blake* v. *Jones*, 7 Mass. R. 28. Nor will such general appearance deprive him of the benefit of the rules of Court ; and he may within the rules still plead any matter in abatement. If it become apparent on inspection, that the Court has no jurisdiction, it will at any time stay all further proceedings.

Maine Bank *v.* Hervey.

In this case it does not appear, that the District Court had not jurisdiction over the parties and the subject matter of the suit. The contrary may justly be inferred. The rules of that Court must govern its practice; and they required, that pleas in abatement should be filed before the new entries were called. And this plea in abatement was filed too late. The motion could not avail the defendant, because, as before stated, his general appearance to the suit cured the defect of service and precluded him from taking the objection. In the case of *Rathbone* v. *Rathbone*, 4 Pick. 89, the motion for leave to plead in abatement was made on the first appearance of the defendant, and it was decided to come within the spirit of the rule. While the Court would act upon it as a general rule of practice that a motion to quash for defects apparent on inspection of the record, if not made within the time required for filing a plea in abatement, should be overruled as stated in the case of *Trafton* v. *Rogers*, 13 Maine R. 315 ; there may be exceptions to the rule ; such for instance as where the plaintiff withholds the writ until after the time for filing a plea in abatement has elapsed. His own wrong should not in such case be allowed to give him an advantage and to deprive the defendant of a right. Although the bill of exceptions states that the court " ordered the defendant to be called," it is understood to have been an erroneous statement, and the counsel do not claim any advantage from it.

*Exceptions overruled.*