JAMES D. WILLIAMS and another, petitioners for increase of damages on a town way in Richmond.

*Petition for increase of damages—notice on.*

The town in which a town way has been located and accepted is entitled to notice of the pendency of a petition to the county commissioners for an increase of damages.

When such a petition has been entered, no order for the summoning of a jury can be issued until there has been a failure to agree upon a committee.

A verdict, returned by a jury summoned on a petition without notice to the town was set aside on motion of the town.

ON EXCEPTIONS.

On the petition of George W. Parks and others, the selectmen of Richmond widened a town way in their town which was duly accepted by the town, and the selectmen assessed damages in behalf of the owners of the land taken.

At the March term, 1870, of the county commissioners for this county, held by adjournment on April 28th following, the petitioners presented their petition to have their damages assessed in the manner provided respecting highways, when it was

"Ordered, That a jury be ordered, and that Francis Adams, Esq., be, and he is hereby appointed to preside at the view and hearing."

In pursuance of the order, a warrant dated May 6, 1870, was issued to the sheriff of the county, reciting the order, commanding him to give notice to the petitioners and municipal officers of Richmond, of the time and place of hearing to be appointed by him, and to summon a jury, etc.

On May 25th, the sheriff notified the municipal officers of Richmond, that he had a warrant for the draft of a jury to assess damages on a road in their town, and that June 1, at 10 o'clock A. M., and the house of a person named, in Richmond, were the time and place for impanelling the jury to inquire into the matter.

At the time and place mentioned, the town of Richmond, by their attorney, appeared and objected to any proceedings under the warrant: because they had no notice of the filing of the petition before the county commissioners, and therefore had no opportunity to be heard or to agree to the appointment of a committee, etc. Mr. Adams overruled the objection, and thereupon the jury was impaneled, and the other proceedings had which were duly reported to this court at the next term thereof.

At the August term, 1870, the respondents moved that the verdict be set aside for the reasons mentioned in their motion before the jury, which was in writing, and returned by Mr. Adams with the papers in the case.  And they also moved that the verdict be set aside for the further reasons that it was contrary to law, and manifestly against the weight of evidence.

The presiding judge overruled the motions, and the respondents alleged exceptions.

*W. T. Hall*, for the petitioners.

*J. W. Spaulding*, for the respondents.

APPLETON, C. J.   By R. S. 1857, c. 18, § 18, " the municipal officers of towns may personally or by agency lay out, alter, or widen town ways, and private ways . . . on petition therefor."

It is their duty in case of town ways to estimate damages which, by § 21, are " to be paid by the town."

The town way is not established until " accepted in a town meeting legally called afterwards, and by a warrant containing an article for the purpose."   Sect. 19.

. When the town way has been duly accepted, the action of the town or its officers terminates.   No appeal as such can be taken. By § 22, " any person aggrieved by the estimate of damage, on petition to the commissioners may have them assessed in the manner provided respecting highways."

The petition is a new proceeding, of which neither the town nor its officers can know anything until notified.   The town is inter-

ested, for it is to pay the damages to those over whose land the road is laid.

After entry of the petition, notice should be given the inhabitants of its pendency, that they may appear and protect their rights. The petitioner may not have a legal title to the land over which the way passes. The town may, for various reasons, contest the right of the petitioners to prosecute. And if they have a right to prosecute, they should be heard as to the appointment of the person to preside at the hearing before the jury, for if he should be interested, and the objection taken, it might vacate the proceedings. *Clifford* v. *Co. Commissioners*, 59 Maine, 262. Indeed, it is against the first principles of justice that a court should adjudicate upon the rights of parties in their absence and without giving them notice to appear.

By R. S. c. 18, § 8, "when a petition is presented for an increase of damages, an agreement may be made and entered of record to submit the matter to a committee, who shall notify and hear the parties, and make return of their decision which, being accepted, shall be conclusive. Where no such agreement is made, a jury is to be summoned, whose verdict, returned, accepted, and recorded, is conclusive." This section clearly presupposes that the parties who are to have an opportunity to agree upon a committee to assess damages, before a jury is to be ordered, are in court or are to be notified to be there. There is to be no order to summon a jury until there has been a failure to agree, and before there is such failure, the parties, between whom the agreement is to be made, must be in court.

The more expensive mode of determining the damages by a jury is not to be resorted to in the first instance.

Before the act of 1866, c. 39, § 2 (R. S. c. 18, § 13), the remedy of the party aggrieved was by *certiorari*. But by that act, provision is made to except or move to set aside a verdict "for the same causes that a verdict in court may be set aside."

As the warrant for a jury was improvidently issued, the verdict must be set aside and the opportunity given to the parties to ascer-

tain whether they will not agree " to submit the matter to a committee." If they do not, it will then be in season to summon a jury, and not before.                    *Exceptions sustained.*

CUTTING, KENT, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.