ROBERT O. FULLER & others *vs.* ISAAC H. NICKERSON & others,
& new ship.

Washington.    Opinion February 26, 1879.

*Lien.   Vessel.   Specification.*

Under R. S., c. 91, § 7, a person can have a lien for materials furnished in
building a vessel only when they are so furnished with an existing inten-
tion that they should be used in such vessel, and were so used.

A specification, to be annexed to the writ, as required by § 9 of the same
chapter, must have all the requisites therein specified to make it sufficient
to lay the foundation for an attachment of the vessel, and such as will
authorize a judgment against the property to enforce a lien claim.

A charge of " sundry articles of iron and metals " delivered by the plaintiffs
to the builders from time to time from " 27th Jan'y to 28th Oct., 1876, inclu-
sive," is not such a particular statement of the demand claimed as the law
. requires.

The specifications, and the facts required to be stated therein, are conditions
precedent to the attachment, and, if insufficient to authorize it, no judg-
ment can be rendered against the property to enforce the lien.

Objections to the sufficiency of the specifications may be made at the trial
when the judgment is asked for.

An inadvertent omission of a credit which should have been given, and from
which no harm arises,—or an honest claim of an item for which there is no
lien— is not a legal defect in the specification, but becomes so when know-
ingly and wilfully made; and whether so made is a question for the jury.

ON EXCEPTIONS AND MOTION.

ACTION upon a lien claim, under R. S., c. 91, § 7, for iron fur-
nished by plaintiffs to one Nickerson & Rideout, in building a
ship.for W. H. Smith and others.

The writ bears date December 16, 1876, and (leaving out the
immaterial parts) reads as follows : " We command you to attach
ship or vessel now on the stocks at Calais, building by one Nick-
erson & Rideout of Orrington for the owners, and summon all
persons interested, in the manner directed by law, to appear
before our justices, etc., then and there to answer, etc., to Robert
O. Fuller of ——, Eustace C. Fitz of ——, and Charles S. Dana,
etc., copartners under name of Fuller, Dana & Fitz, who claim a
lien on said ship or vessel for materials furnished and used in the
construction of said ship or vessel, to the amount of twenty-eight

hundred and thirteen dollars and eighty-six cents, according to the specification hereto annexed, together with thirty-seven dollars and thirty-seven cents for interest on same, which amount Isaac H. Nickerson and Henry A. Rideout, copartners in business under the firm of Nickerson & Rideout, of Calais aforesaid, who owe the same, neglect and refuse to pay, to the damage of said Fuller, Dana & Fitz, as they say," etc.

Specification of demand of plaintiffs :

"Sundry articles of iron and metals delivered by plaintiffs to Nickerson & Rideout from time to time from the 27th day of January, A. D. 1876, to October 28, 1876, inclusive, amounting to five thousand two hundred and seventy dollars and eighty-six cents, and there was paid on account of same July 27, 1876, $782 ; September 15, 1876, $575 ; September 20, 1876, $600 ; November 9, 1876, $500; in all, $2,457; leaving balance justly due of $2,813.86, on which is claimed interest to the amount of $37.37.   Nickerson & Rideout are the persons personally liable to the plaintiffs.   The owners of the ship or vessel, so far as known, are H. F. Smith & Co. of New York, W. H. Smith of Bangor, and Llewellyn Morse of Bangor, Captain J. F. Bartlett of Orrington, Maine, and Jabez Snow of Bucksport, Maine.   And I, the subscriber, in behalf of the said plaintiffs, lien claimants, upon oath, say that I believe that the said plaintiffs, Fuller, Dana & Fitz, by the laws of the State of Maine have a lien on the said ship or vessel, for the whole or a part of said claim.   Joseph Granger. Washington, ss. December 19, 1876.   Sworn to before me, George A. Curran, justice of the peace."

Officer's return :

"Washington, ss.   December 19, 1876.   By virtue of the within writ, I have this day attached the ship or vessel, now on the stocks in the ship-yard formerly used by J. & C. Short, near the lower steamboat wharf in Calais, Washington county, Maine, superintended by J. F. Bartlett of Orrington, for the owners ; and on the same day I posted, in a conspicuous place on said ship or vessel, a notice signed by me, directed to the owners thereof, stating that I had attached the said ship or vessel, the amount of the lien

claimed, by whom it was claimed, the parties from whom said amount was due, and the court to which the writ was made returnable. And on the same day I gave to the master workman on said ship or vessel, and to the city clerk of said Calais, a copy of so much of my return as relates to the said attachment of said ship or vessel, with the name of the plaintiffs, the names of the persons liable for the debt, the description of the vessel as given in the writ, the date of the writ, the amount claimed, and the court to which the writ is returnable, and on the same day I left a copy of said certificate with J. F. Bartlett, one of the owners named in said writ, and on the same day I summoned the within named defendants, Nickerson & Rideout, part owners of the said ship, to appear and answer at court, by giving each of them a summons in hand as within directed. John S. Smith, deputy sheriff."

Pleadings : " And now come William H. Smith, Charles V. Lord, Annie H. Smith, Morse & Co., Frank H. Holyoke, A. Leighton, Jabez Snow and Fred H. Smith, owners of said ship when, &c., where, &c., and defend said action so far as relates to the validity and amount of the lien claim alleged in the plaintiffs' writ, declaration and specification, and for defense and brief statement say :

I. " That the specification, annexed to the writ does not contain a just, true and particular account of the demand claimed to be due the plaintiffs, with all just credits."

II. " The specification does not contain the names of the persons personally liable to the plaintiffs."

III. " The specification does not contain the names of the owners of said ship or vessel ; nor does it state that the names of the same are unknown to plaintiffs or their agent and attorney.

IV. " That the said specification is not verified by the oath of the plaintiffs, or by any person in their behalf; that the amount claimed in said specification is justly due from the person named in his said writ and specification as owing it."

V. " That no valid attachment was made of said ship under or by virtue of said writ."

VI. " That the plaintiffs never furnished any materials or labor for the building of said ship ; and no materials furnished the

defendants by plaintiffs entered into the construction of said ship."

VII. "That the defendants, from January 27, 1876, to January 1, 1877, built and completed three ships or vessels, and did a large amount of labor, and furnished a large amount of materials, to wit: iron, timber, &c., for old ships and vessels, as and for repairs, and were merchants and traders as well as ship-builders and carpenters; and that all the goods charged by the plaintiffs to said defendants during the time aforesaid, were charged to them personally, and upon their own personal responsibility, upon an open, mutual and running account, to be by them used in the construction of vessels or otherwise, and not in particular for said ship, and no lien on said ship was intended by the plaintiffs at the time of the sale and delivery of said materials and none ever existed.

VIII. "That nothing is due from said defendants to said plaintiffs.

"And pray that the questions specified in section 16, chapter 91, R. S., may be put to the jury impaneled to try the cause aforesaid. By Barker, Vose & Barker, their attorneys.

"And the said plaintiffs, reserving all right of exception to the sufficiency and legality of each and every one of the aforesaid specifications of the said William H. Smith *et als.*, claiming to be owners of the said ship, say that, so far as the plaintiffs are in law bound to answer and reply to the same, the writ and all requirements of the law, in such case made and provided, are sufficient, and deny each and every one of the allegations of said defendants, so far as the same are required to be answered unto, and request that the jury ascertain and find what amount is due from the defendants to the plaintiffs, and for how much amount the plaintiffs have a lien on the said vessel, viz: the ship Annie H. Smith. By their attorneys, J. & G. F. Granger."

After the plaintiffs had opened their case to the jury, read their writ, specification, etc., and the pleadings, William H. Smith *et als.*, owners of said ship, by Barker, Vose & Barker, their attorneys, moved the court to rule that the plaintiffs could not maintain their action for the enforcement of a lien on said ship, for the folowing reasons, viz:

I. "That the specification annexed to the writ did not contain a just, true and particular account of the demand claimed to be due the plaintiffs, with all just credits.

II. "That the specification aforesaid did not contain the names of the owners of said ship, and did not contain a statement that the names of such owners were unknown to said plaintiffs.

III. "That said specification was not verified by the oath of one plaintiff, or of some person in his behalf, that the amount claimed in said specification was justly due from the person named in the writ and specification as owing it.

IV. "That the return of the officer upon said writ was insufficient and did not show that a valid attachment of said ship had been made upon said writ, and that no attachment had been made."

The court denied the motion and request of said owners of said ship, but did rule, for the purposes of the trial, that the writ, specification, verification and officer's return were sufficient in form and in law to enable the plaintiffs to maintain their said action and enforce a lien on said ship, if they are in all other respects entitled to their lien.

The court allowed plaintiffs to amend by filing particulars of plaintiffs' account of iron, and it was so done before the trial proceeded. The attorney for the ship-owners, being called upon to specify his objections to the officer's return, declined to state his objections.

The defendants, Isaac H. Nickerson and Henry A. Rideout, did not appear to defend, it appearing upon the docket that they were in bankruptcy.

The owners of the ship appeared to defend against the alleged lien, and the court was requested by the counsel for the said owners to instruct the jury " that the specification annexed to the writ did not contain a just, true and particular account of the demand claimed to be due the plaintiffs, with all just credits, and was not verified by the oath of one plaintiff, or of some person in his behalf; that the amount claimed in said specification is justly due from the persons named in the writ and specification as owing it; and for these reasons the plaintiffs cannot maintain their action

for the enforcement of any lien upon the ship described in their writ ; " which instruction the court refused to give, but instructed the jury, for the purposes of this trial, that the specification annexed to said writ, and the verification in said specification, were sufficient in law for the plaintiffs to maintain said lien if they were, in all other respects, entitled to a lien."

Also for the following instructions : " If plaintiffs sold and delivered iron to Nickerson & Rideout on a general account, and no particular iron was sold for the special purpose, and at the sale set apart to go into the ship Annie H. Smith, it would become the property of Nickerson & Rideout; and if after that, Nickerson & Rideout used any part of the iron in the construction of the ship, they, and not the plaintiffs, must be regarded the party who furnished that iron for building the ship ; and in that case the plaintiffs would have no lien on the ship ; and, if it was so sold and delivered, it would make no difference whether the whole or a part of any particular item of the account went into the ship.

" If Nickerson & Rideout bought and received of the plaintiffs, iron of different qualities and dimensions, on a general account, and used part for the ship attached and part for other purposes of their own choice, or as they had occasion, and there was no agreement between the parties which was violated by such use, it was the property of Nickerson & Rideout, and they were the party who furnished it for the ship, and plaintiffs would have no lien."

Which instructions the presiding justice declined to give, but did instruct the jury as follows : " That, in order to have a lien, the party must have furnished the iron for the vessel, and it must have gone into the vessel ; it must have been furnished, and been used in the construction of that vessel in good faith ; because here are parties outside who had nothing whatever to do with that part of the contract, who have purchased the vessel, and they are only liable if there is a legal lien. There is some testimony at least tending to show that these defendants, Nickerson & Rideout, were building at that time, or part of the time, three vessels, and it is claimed that this iron was bought upon general account and went into the three vessels. Whether any of it went

into this vessel or not, I believe it is not conceded on the part of those representing the vessel that it did; but it is claimed that it was bought on a general account, and if used for those three vessels, that it went irrespectively into the vessels. I will say to you, for the purposes of this trial, that, if it was furnished in good faith for the three vessels, and if different parts of it went into the three vessels, the plaintiffs would have a lien for that part that went into this vessel now in question, so far as it went in there in good faith."

The action was tried by the jury, who returned a verdict for the plaintiffs; and, in answer to the question: " For how much of such amount have the plaintiffs a lien on the vessel attached?" answered, $2,995.31.

Plaintiffs alleged exceptions, and likewise filed a motion to have the verdict set aside as against law, the evidence and the weight of evidence.

*J. & G. F. Granger,* for the plaintiffs, in a very elaborate and able argument, contended:

That the ship-owners and defendants, by their counsel, appeared generally at the first term, when everything in both declaration and specification of claim was apparent upon the record, and made no objection, nor hinted at any, up to the time of trial. This should be considered a waiver. It is a rule of the civil law, and consonant with reason, that anyone may renounce or waive that, even, which has been established in his favor. 2 Bouv. L. Dict. 483. *Rowley* v. *Stoddard,* 7 Johns. 207. *Jones* v. *Dawing,* 2 Johns. Cases, 74. *Smith* v. *Eddie,* 3 Johns. 107. *Johnson* v. *Richards,* 11 Maine, 49. *Wilson* v. *Nichols,* 29 Maine, 566.

It is a very familiar law that a general appearance is a waiver of any and all defects in the form of the writ or process, and in its service. Story's Plead. Oliver Ed., c. 8, p. 28. 4 Mass. 438. 1 B. & Pul. 250. 1 Moore, 299. 3 Cranch, 496. 4 Cranch, 180–421. *Simonds* v. *Parker,* 1 Met. 508–511. *Fox* v. *Hazelton,* 10 Pick. 275. *Clark* v. *Montague,* 1 Gray, 446. *Carlisle* v. *Weston,* 21 Pick. 535. *Smith* v. *Robinson,* 13 Met. 165. *Ripley* v. *Warren,* 2 Pick. 592. *Joyner* v. *School,* 3 Cush. 567.

*Brewer* v. *Sibley*, 13 Met. 175. *Shaw* v. *Usher*, 41 Maine, 102.

And as to amendment. *McCabe* v. *McRae*, 58 Maine, 96. R. S., c. 82, § 9. *Bell* v. *Austin*, 13 Pick. 90. *State* v. *Folsom*, 26 Maine, 212. *Lawrence* v. *Chase*, 54 Maine, 196. *Dyer* v. *Brackett*, 61 Maine, 587. *Page* v. *Hubbard*, 1 Sprague, 335. *Jones* v. *Keen*, 115 Mass. 170.

As to instructions. Those requested are so mixed with improper requests that, the court not being bound to give the whole, was justified in refusing the whole. The requested instructions were objectionable as calling upon the court to take facts from the jury. *Hubbard* v. *Brown*, 8 Allen, 590. *Story* v. *Buffum*, 8 Allen, 35, 37. *Young* v. *Orpheus*, 119 Mass. 184.

*L. Barker, T. W. Vose & L. A. Barker*, for the defendants.

DANFORTH, J. By R. S., c. 91, § 7, it is provided that " any person who furnishes labor or materials for building a vessel shall have a lien on it therefor, which may be enforced by attachment thereof, within four days after it is launched." Upon this provision, and this alone, the plaintiffs rely for the validity of the lien sought to be enforced in this case.

At the trial there was testimony tending to show that the defendants, Nickerson & Rideout, to whom the materials in question were sold and delivered, were ship-builders doing a general business in building and repairing vessels ; that, from January 27, 1876, to October 28, 1876, inclusive, they had an open running account with the plaintiffs, in which were charged, from time to time, such materials, consisting of different kinds of iron, as they had occasion to use in their business, whether of building or repairing, without any discrimination as to which they were to be used for ; that payments made from time to time were credited upon the general account, and that the ship on which the lien is claimed was built, in part at least, for other parties.

In this state of the case, the presiding justice was requested to instruct the jury that, " If Nickerson & Rideout bought and received of the plaintiffs iron of different quantities and dimensions on a general account, and used part for the ship attached and part for other purposes, of their own choice, or as they had

occasion, and there was no agreement between the parties which was violated by such use, it was the property of Nickerson & Rideout, and they were the party who furnished it for the ship, and the plaintiffs would have no lien."

This request was refused; which refusal was clearly erroneous. It is in accordance with a reasonable construction of the statute, and called for by the testimony in the case. The terms of the statute are plain and free from ambiguity. Any person furnishing materials for building a vessel shall have a lien on "it." The materials must be furnished for the vessel on which the lien is claimed, not for another, not for a different purpose, or without any purpose whatever as to their use. They cannot, in any proper sense, be furnished for a vessel unless there was at the time an existing intention that they should be used in that vessel. If it is sufficient that the materials were used in the vessel, a vendor might have a lien on a vessel built years after the sale, and the building of which was not thought of at the time of the sale. If such were the case, they might be traced through several hands, and the original vendor, not having received his pay, would be entitled to the lien if he could show that his materials had been used in the construction of any vessel. The law cannot be susceptible of so broad a construction, involving as it does the rights of other parties besides the contractors. It would open too wide a field for fraud.

Besides, this lien is a matter of, or at least an incident to, a contract. True, it is established by law, but it is affixed to, and cannot exist without, a contract. It is therefore an element of the contract of sale, just the same as though specially agreed to by the parties. But if the goods are sold generally without any reference to the use to be made of them, no such element can be attached. The law makes it a part of a sale for a specified purpose only. The authorities bearing upon this point are collected and discussed in *Rogers* v. *Currier*, 13 Gray, 129. See, also, *Tyler* v. *Currier*, id. 134.

The instruction given was perhaps correct as far as it went, but it was not a compliance with the request, and not so full an explanation of the law as the facts required.

We do not mean to say that the instruction allowing the jury to find a lien for so much of the material as went into the construction of the ship, if furnished for the three vessels, was incorrect. If it was furnished for three specific vessels, that portion which went into each was furnished as much for that one as if there had been no other; precisely as if more than sufficient was furnished for one vessel, the lien would attach for that which was actually used.

An objection was also raised to some of the proceedings adopted for enforcing the lien.

Whether there is any other remedy for securing the lien than that provided by the statute, it is not necessary to inquire. The plaintiffs, having elected to pursue the statute remedy, must comply with its provisions or fail.

Section 8 of the statute referred to prescribes the form of the writ, and among other things requires the plaintiff to state the amount of his lien claim " according to the specification hereunto annexed." The next section provides that, " the specification annexed to the writ shall contain a just, true and particular account of the demand claimed to be due the plaintiff, with all just credits; the names of the persons personally liable to him, and the names of the owners of the ship or vessel, if known to him, and shall be verified by the oath of one plaintiff, or of some person in his behalf, that the amount claimed in said specification is justly due from the person named in the writ and specification as owing it, and that he believes that by the laws of this state he has a lien on such ship or vessel for the whole or a part thereof."

After the case was opened to the jury, a motion in behalf of the owners, who had appeared, was made to the court, asking a ruling that the action could not be maintained for the enforcement of the lien, on account of certain specified deficiencies in the writ and specification named. This motion was overruled.

Thereupon the case proceeded to trial, and the court was requested to instruct the jury, " That the specification annexed to the writ did not contain a just, true and particular account of the demand claimed to be due the plaintiffs, with all just credits, and was not verified by the oath of one plaintiff, or of some person in

his behalf; that the amount claimed in said specification is justly due from the persons named in the writ and specification as owing it; and for these reasons the plaintiffs cannot maintain their action for the,enforcement of any lien upon the ship described in their writ." This request was refused, and the jury were instructed that the specification and verification were sufficient.

This instruction and ruling was evidently erroneous. The specification was not verified by oath. None whatever appeared in the case. No authentication that the amount claimed, or any part of it, was due. This authentication is by statute made an indispensable prerequisite to an attachment. It is a part of the writ, as necessary as any other part. Without it the writ was incomplete, one upon which no attachment under this law could be made, and without an attachment no judgment can be rendered enforcing the lien claim.

The specification was defective. It was not particular. "Sundry articles of iron and metals delivered to Nickerson & Rideout from time to time from the 27th day of January, A. D. 1876, to October 28, 1876, inclusive, amounting to $5,270.86," with certain credits named, however just it may be, or correct in amount, cannot be a "true and particular account of the demand claimed," and was therefore a fatal defect at the time the motion was made.

The exceptions state that before the trial proceeded, by leave of court the specification was amended by filing a bill of particulars of plaintiffs' account of iron. This amendment does not appear in the case, but assuming it to be sufficiently particular, the instruction to the jury was still erroneous. Doubtless the court may rule as a matter of law upon the effect of whatever appears upon the face of the papers, but defects which do not so appear present questions of fact for the jury. The very question now under consideration presents a good illustration.

By the testimony as reported, it appears that during the time or a part of it, when this account on which the plaintiffs claim a lien on this single vessel accrued, the defendants, Nickerson & Rideout, were building two others and doing sundry repairs upon old ones. It is certain some of this iron went into the other vessels and probable that some went into the repairs, and that the

last four items in the account having been sold on four months credit were not payable at the date of the writ. With regard to the credits, there are two notes which it is claimed should have been credited, and there is some testimony tending to show that fact. Hence there are items claimed as a lien which are not, for the plaintiffs cannot have a lien upon this vessel for iron which went into others, and at least a question of fact in relation to the credits. If the notes should have been credited, then the specification does not contain all just credits. It is not then a just, true and particular account of the plaintiffs' claim with all just credits. Still, whether fatally defective is a question of fact rather than of law. Formerly it was holden in Massachusetts that an item, not a lien claim put in or a credit omitted, was fatal and dissolved the lien. *Lynch* v. *Cronan*, 6 Gray, 531. *Truesdell* v. *Gay*, 13 Gray, 311. These and other like decisions were made under a statute requiring " a certificate, containing a just and true account of the demand justly due him, after all just credits are given." Under a different statute, one requiring a statement, giving " a just and true account of the demand claimed to be due him, with all just credits," a different rule seems to have been adopted. If an item for which there is no lien is honestly claimed, or a credit inadvertently omitted from which no harm arises, the error may be corrected at the trial. But if the misstatement or omission is wilfully and knowingly made the specification is still fatally defective. *Story* v. *Buffum*, 8 Allen, 35. *Young* v. *Orpheus*, 119 Mass. 179–185.

Our statute in this respect corresponds more nearly with that of Massachusetts, under which the latter decisions were made, and has received a similar construction. *Dyer* v. *Brackett*, 61 Maine, 587. This certainly is a reasonable construction, and by it, although the plaintiffs have clearly put some items into their claim for which they cannot maintain a lien, and possibly omitted some items of credit which should have been allowed, if honestly and inadvertently done, believing the demand to be just and true, it would not be a defective or insufficient specification. But if the non-lien items were knowingly inserted, or the omissions of credit purposely made, the demand cannot, in the sense required by the law, be said to be just and true.

This construction of the statute is confirmed by other parts of it. Section 9, which provides for the specification and the verification by oath, makes it sufficient for the plaintiff to swear that he believes that he has a lien on such ship or vessel for the whole or a part of his demand. Section 14 provides that " the owners of the vessel may admit in writing filed with the clerk, that a certain sum is due the plaintiff as a lien on the vessel; and if the plaintiff does not recover a greater sum as lien," he shall not recover, but pay costs.

Section 16 provides that at the request of either party the jury shall find the amount due from the defendant, and for what portion of such amount the plaintiff has a lien upon the vessel attached.

By § 17 separate judgments shall be rendered for the amounts found to be lien and non-lien claims, and separate executions are to issue.

These different provisions of the statute clearly contemplate that a plaintiff may recover a less amount than that put into his specification as a " just, true and particular account of his demand." In the absence of such a right, they would be entirely useless and of no effect.

With this construction of the statute, whether the plaintiffs' amended specification is a compliance with the law requiring a just, true and particular account of the demand claimed, is a question of fact for the jury. The original was clearly insufficient upon its face.

It is contended that these several objections to the specification came too late, that they should have been made within the time allowed for pleas in abatement, and a considerable number of cases have been cited as bearing upon that point.

These decisions are all good law but not applicable to this case. A general appearance will undoubtedly cure a defect in the service. A party litigant may ordinarily waive a want of compliance with the law in any process against him when that want relates to matters established for his benefit, and that waiver may be shown by acts, or a neglect to act, as well as by words. As a general rule that which is incidental or tends to show that the

present action cannot be maintained through any defect in the process, but has no effect upon the merits of the controversy between the parties, must be taken advantage of in abatement, or a waiver will be conclusively inferred.

But the specification and the matters therein required to be stated, do not come within any of these rules or any found in the cases cited.   Though this case has its origin in a contract between the plaintiffs and the principal defendants, and without that contract, as we have seen, cannot be maintained, yet that contract is but one element among others necessary to be shown in order to maintain that branch of it now under consideration.   The plaintiffs are not now seeking to enforce their claim against those who promised to pay it, but against the vessel *in rem*, and the question is not whether they shall have a judgment, but whether that judgment shall be against the property, so that they may secure their lien upon it.   The owners of this property are not parties to the contract, though they may have put themselves in a condition to be the losers by its nonperformance.   But before they can be put in that condition the statute requires certain things of the plaintiffs.   There must be a valid attachment within four days after the vessel is launched; and that attachment cannot be made except upon such a writ as is prescribed by law.   The writ, and specification which is a part of it, are as much elements of the judgment as the contract, and the facts therein stated must be proved just the same or the judgment fails.   These facts are in issue as much as the contract, and the whole issue must be determined at the same time.

This statute was not, as contended in the argument, made for the benefit of the owners of the vessel, but rather for that of the plaintiffs.   Certain methods of procedure are adopted to protect the rights of the owners, but the statute is antagonistic to their interests, and before their property can be taken all the elements necessary to authorize a judgment must be complied with.   It is sufficient for the owners to make their objection whenever the judgment is asked for.   Such has heretofore been the practice both in this state and Massachusetts, and that without objection. *McCabe* v. *McRea*, 58 Maine, 95. *Dyer* v. *Brackett*, 61 *id*. 587.

And the same is apparent from the cases already cited from Massachusetts.

True, the Massachusetts statute differs somewhat from ours, but not so as to affect this question. That requires a sworn statement of the demand to be filed in the office of the town clerk if personal property, or in the registry of deeds if real, within a specified time; this makes it a part of the writ upon which the attachment must be made within the same time. There the lien is dissolved if not filed within the time allowed; here it is a condition precedent to the attachment, without which the lien cannot be enforced. It matters little to the parties whether by neglect the lien is dissolved, or the right to enforce it is lost, the result in either case is the same.

It follows as a necessary consequence that the amendment to the specification allowed, even if the whole deficiency had been supplied, cannot affect the result of this action. It must abide the condition of things as they existed at the time the attachment was made. As that is the foundation of the judgment against the property, if it was not valid when made, no subsequent act of the party can refer back so as to make it valid, and hence no such judgment can be rendered. An invalid attachment is no attachment. Nor can one be made to take effect in the past. Whether the lien still exists is immaterial to this case; the only question to be considered is whether the judgment now asked for has in law a sufficient basis upon which to rest. But the whole deficiency is not supplied by the amendment. The oath is still wanting.

It is equally certain that no amendment can be allowed, and for the same reason that, if the attachment was invalid when made for want of process, no subsequent procuring of process can relate back so as to supply the deficiency; and, in this respect, there is no difference between an entire want of one and one deficient in any matter made requisite by law. In this conclusion we do not mean to intimate that the case of *Dyer* v. *Brackett*, *supra*, was not correctly decided. On the other hand we still approve and affirm it. In principle it comes clearly within the construction we have given the statute. Under this construction the specification in that case, upon the facts there found, was suf-

ficient to authorize the attachment. The difficulty was in the amount to be recovered; an inadvertent omission of one item of credit, from which no harm arose, was supplied. The result would have been the same if the omission had been supplied by proof of payment of that amount by the respondent. So, if an item of debt had been honestly claimed for which no lien existed, and others shown by a failure of proof on the part of the plaintiff, such an error would have no effect upon the sufficiency of the specification, whether voluntarily corrected by the plaintiff under leave of court, or by a verdict of the jury. Such a correction is not technically an amendment of the process, no more so than is required in a declaration when there is a failure in the proof to sustain the amount claimed, or the defendant proves a payment omitted in the credits. It is simply a correction of an error in the amount claimed, which has no effect upon the specification, as it was originally made, as a valid foundation for an attachment and judgment.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.