FLAVEL M. WYMAN *vs.* PISCATAQUIS WOOLEN COMPANY.

Somerset. Opinion December 9, 1905.

*Complaint for Flowage. Insufficient Service. How Service Should be Made.*
*R. S., c. 84, § 132; c. 90, § 3; c. 94, § 6.*

A complaint for flowage, not inserted in a writ of attachment, may, under the statute, be presented to the court in term time or be filed in the office of the clerk in vacation, but before it can be served there must be an order of service by the court in term time or by some justice thereof in vacation. The delivery of a copy of the complaint, attested by the clerk of court, by a sheriff to the respondent, without such an order, is not a sufficient service.

On report. Complaint dismissed.

Complaint for flowage of land in Mayfield, Somerset County. On the second day of the term, to which the complaint was made returnable, the defendant appeared specially and filed a motion to dismiss the complaint for want of legal service. Hearing on motion had at December term, 1904, of the Supreme Judicial Court, Somerset County. By agreement the case was reported to the Law Court and that court "to enter such judgment as the legal rights of the parties may require."

The case appears in the opinion.

*J. S. Williams*, for plaintiff.

*D. D. Stewart and David R. Straw*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

WISWELL, C. J. This is a complaint for flowage. Upon the second day of the term to which the complaint was made returnable, counsel for respondent appeared specially and filed a motion that the complaint be dismissed for want of legal. service. There was no officer's return of service of any kind upon the complaint, but these facts as to the manner in which service was made are admitted. The

complaint was filed in the office of the clerk of this court for Somerset County in vacation, a copy thereof was made by the clerk, certified by him as such and returned by him to the counsel for the complainant with the original complaint, the original and certified copy were then given by complainant's counsel to a deputy sheriff for service and the deputy sheriff gave the copy to the treasurer of the respondent corporation thirty days before the return term named in the complaint. The complaint was not inserted in a writ of attachment and there was no order of notice by the court in term time nor by any Justice thereof in vacation.

Was this a sufficient service of a complaint for flowage? We think not. The statute in relation to the commencement of a proceeding of this nature and the service of the complaint is as follows: "The complaint may be presented to the court in term time, or be filed in the clerk's office in vacation; and the proper officer shall serve the same, fourteen days before the return day, on the respondent, by leaving a copy thereof at his dwelling house, if he has any in the state; otherwise, he shall leave it at the mill in question, or with its occupant; or the complaint may be inserted in a writ of attachment and served by summons and a copy." R. S., c. 94, sec. 6.

What is the purpose of this requirement of the statute, that the complaint, if not inserted in a writ, should be presented to the court in term time, or filed in the office of the clerk in vacation? Clearly, we think, that the court in term time may fix the return term and order service of the complaint upon the respondent; or that a Justice of the court, in vacation, may make such an order. The Justices of the Supreme and Superior courts having authority under R. S., c. 84, sec. 1, to order notice concerning any civil proceeding in term time or vacation. When such a complaint is inserted in a writ of attachment, the writ contains an order, authorized by statute and signed by the clerk of the court, directed to the proper officer, commanding the service of the process, and the summons contains an order commanding the respondent to appear and answer at the time named. Without such an order, contained either in the writ and summons or in the special order of court, or of some Justice thereof in vacation, there is no command to a defendant or respondent to appear and defend, and

this command is not to be given to a defendant by a plaintiff but by the court at the instance of the plaintiff.

Unless authorized by statute in direct terms, or by clear implication, the complaint or petition in any civil proceeding should have thereon an order of court as to service before it can be served. In a petition for partition, for instance, authority for service without an order of court is given by the statute in direct terms. R. S., c. 90, sec. 3. But in that section the petition is filed with the clerk in order that the clerk, as provided by the section, may make a certified copy of the petition, which is to be served, but the section in regard to a complaint for flowage, above quoted, contains no authority for the clerk to make a certified copy of the complaint for service, and the requirement that the complaint may be filed in the clerk's office is not for this purpose. Neither does this statute, in our opinion, by implication, authorize service without an order therefor.

This insufficient service might have been called to the attention of the court in any way, however informal, and at any time. An inspection of the complaint itself by the court would have shown no return of any service, and even after the officer had been allowed to make a return in accordance with the facts, such return would have failed to show a sufficient service. The complaint, therefore, should be dismissed for want of service, with costs for the respondent, since although the respondent only appeared by counsel for the special purpose of calling the attention of the court to the want of service, it was still a party, and the prevailing party, under R. S., c. 84, sec. 132, as decided in *Thomas* v. *Thomas*, 98 Maine, 184.

The court is asked to decide whether or not, if the respondent's motion to dismiss should prevail, the complainant may be allowed to amend. We do not see how the question of amendment arises. We have not considered the sufficiency of the complaint, although a question concerning it was raised by counsel for the respondent, but as the complaint must be dismissed for want of service, it is unnecessary to decide this question and no question of amendment is left.

> *Complaint dismissed for want of service with costs to the respondent.*