S. DWIGHT HOWARD ET AL.

*vs.*

CITY OF SACO

York.   Opinion, June 24, 1959.

*Chester D. Cram, Jr.,* for plaintiff.

*George E. Brickates,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J.  The municipal officers of Saco formally expropriated some land of the complainants situated within the corporate limits of that City as a public parking place for motor vehicles and assessed the amount of compensation awarded. R. S. (1954), c. 96, §§ 29, 34 and 39; c. 89, § 42.

As to the amount of the award the complainants seasonably initiated appeal procedure by their signed complaint copies of which were attested by a deputy sheriff who effected service and notice in accordance with statutory direction but without the sanction of any court order.

The complaint with return of service and notice was entered at the Superior Court for the County of York to which the matter had been addressed, and at the proper term thereof. The respondent City thereupon filed its general appearance.

During the next term of court following the return term the cause was assigned to be tried at the subsequent and third term after entry. On the third day of the last mentioned term the respondent City presented to the court its motion that the action be dismissed for want of proper order of service and because the complaint was not legal process emanating from any court.

That motion was granted by the presiding justice and complainants excepted. Those exceptions are now before us.

The Superior Court held in the county where the condemned land lay had jurisdiction over the subject matter

of that category of cases to which the controversy here between the complainants and respondent belongs. Such court had personal jurisdiction over the respondent municipality in that the court had the power and authority to compel the attendance of the City at court. R. S. (1954), c. 96, §§ 29, 34 and 39; *West Cove Grain Co.* v. *Bartley* (1909), 105 Me. 293, 299.

The respondent City appeared generally and suffered three terms of the Superior Court for York County to eventuate and conclude before challenging the jurisdiction of that forum at the fourth successive term.

> "Pleas or motions in abatement, or to the jurisdiction, in actions originally brought in this court, must be filed within two days after the entry of the action, the day of the entry to be reckoned as one, and if alleging matter of fact not apparent on the face of the record, shall be verified by affidavit."

*Rules of Court, 5,* 147 Me. 466.

The instant proceeding is new, i.e., "originally brought." *Williams et al., Petitioners* (1871), 59 Me. 517, 518.

*Maine Bank* v. *Hervey* (1842), 21 Me. 38, was a case of illegal service of a writ. This court said at page 46:

> "In this case it does not appear, that the District Court had not jurisdiction over the parties and the subject matter of the suit. The contrary may justly be inferred. The rules of that Court must govern its practice; and they required, that pleas in abatement should be filed before the new entries were called. And this plea in abatement was filed too late. The motion could not avail the defendant, because, as before stated, his general appearance to the suit cured the defect of service and precluded him from making the objection. - - - -"

The following quotation exemplifies a sensible and just rule:

" - - - A general appearance will undoubtedly cure a defect in the service. A party litigant may ordinarily waive a want of compliance with the law in any process against him when that want relates to matters established for his benefit, and that waiver may be shown by acts, *or a neglect to act,* as well as by words. *As a general rule that which is incidental or tends to show that the present action cannot be maintained through any defect in the process, but has no effect upon the merits of the controversy between the parties, must be taken advantage of in abatement, or a waiver will be conclusively inferred.*" (Italics supplied.)

*Fuller* v. *Nickerson* (1879), 69 Me. 228, 240.

In *Look* v. *Watson* (1918), 117 Me. 476, 478 the court said:

" - - - A general appearance waives defects in service and want of jurisdiction over the defendant's person but does not relieve the plaintiff from the burden of proving the allegations of his writ."

In *Dow* v. *March* (1888), 80 Me. 408, 409, a case where service was defective and defendant failed to appear, the court in refusing judgment to the plaintiff took occasion to observe:

"The cases are entirely different from this, in which it has been held, as in Snell v. Snell, 40 Maine, 307, that an appearance, though special, cures a defective service, unless seasonable plea or motion be made after appearance to take advantage of the defect. A defendant in such case waives an insufficient service, if he appears to object to it, but fails to make his objection as required by the rules of court, and his appearance stands for all purposes. The presumption is that he assents to service, and appears generally, having taken no steps to indicate to the contrary."

We note the following authority:

"The suit before us is assumpsit, and is a transitory action. The writ was made in the wrong

county. The defendant omitted to plead in abatement, or to move a dismissal of the action, till the time prescribed by the rules of this Court had elapsed. Rules of Court, 37 Maine, 569. He thereby waived the privilege conferred by the statute." *Webb* v. *Goddard* (1859), 46 Me. 505, 509.

Undoubtedly the complaint in the present case necessitated an order of court for both service and notice to implement it before its process by the complainants. Only the court could compel the appearance of the respondent and the Legislature patently intended that the court in its responsible discretion dictate the details as to the places of posting of notice.

"Unless authorized by statute in direct terms, or by clear implication, the complaint or petition in any civil proceeding should have thereon an order of court as to service before it can be served. - - -" *Wyman* v. *Woolen Co.* (1905), 100 Me. 546, 548.

The complaint without court precept when served upon the respondent fully communicated the asserted grievance of the complainants, the tribunal invoked and the time and place of the court session at which redress would be sought. The Superior Court for York County possessed full authority of jurisdiction. The respondent unaffected by any constraint of a court order nevertheless elected to supply its general appearance upon the docket. Long after the time allotted and limited by court rule the respondent sought to reclaim the technical defense it had forfeited. Under such circumstances the impulsion of justice becomes firm. Complainants normally have the common right to a court hearing and the respondent could have no fixed objection to the fair judgment of the court. Respondent seeks to formalize rather than to defend. Formality is at best only auxiliary. Adjective rules of procedure are necessary for the administration of substantive law. But such rules must not impede or thwart justice. They must, as far as humanly possible

in the preservation of good order, facilitate it. Law is a practical science. The dearth of a preliminary court order commanding the presence before the court of this respondent which spontaneously submitted itself to the proper jurisdiction of the court in response to an adequately informative complaint and appeared in the court for several months thereafter in attendance thereon must be regarded as dispensable for the purposes of realizing rectitude between the opponents in this litigation. No offense to public policy can result. The sensible conclusion is that the exceptions of the complainants be sustained and that these parties resolve their controversy upon the merits.

*Exceptions sustained.*