## H. A. DOW *vs.* JOHN D. MARCH.

### Cumberland.     Opinion June 12, 1888.

*Practice.     Want of service.     No judgment.*

It is correct to refuse to allow judgment, when from an inspection of the officer's return it appears that the service, by summons, was only thirteen days before the court.

ON exceptions from superior court.

The opinion states the point.

*E. King and George C. Hopkins,* for plaintiff.

We think the ruling of the judge that the defendant did not waive the defect in the service by making no appearance, was erroneous. .

The waiver consists in the neglect by the defendant to do that without which the objection becomes of no avail, that is to plead in abatement, or make the motion, within the time limited in the rules. *Bray* v. *Libby,* 71 Maine, 281; *Richardson* v. *Rich,* 66 Maine, 252; *Snell* v. *Snell,* 40 Maine, 307.

PETERS, C. J. The question is whether a judge can refuse to allow judgment to go in an action in which, on inspection of the officer's return on the writ, it appears that service, by summons, was made only thirteen days before the return day of

the writ, the defendant failing to appear in the action. The refusal of the judge was correct. The law requires the service to be made fourteen days before the return term. Anything less than that is not a legal service, in other words, is not a service. And a defendant may rely in such case on a want of notice as an excuse for his non appearance in the action. He may expect that an improper judgment will not be accorded against him. If a thirteen days' service will do, then one day's notice would do just as well.

The cases are entirely different from this, in which it has been held, as in *Snell* v. *Snell*, 40 Maine, 307, that an appearance, though special, cures a defective service, unless seasonable plea or motion be made after appearance to take advantage of the defect. A defendant in such case waives an insufficient service, if he appears to object to it, but fails to make his objection as required by the rules of court, and his appearance stands for all purposes. The presumption is that he assents to the service, and appears generally, having taken no steps to indicate to the contrary.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.