HARRY SWIFT

*vs.*

THOMAS HAWKENS, VALENTINE CHISOLM, AND ROCKLAND, THOMASTON & CAMDEN STREET RAILWAY.

Knox.     Opinion December 31, 1907.

*Writs. Nominal Attachment. Officer's Return. Amendment of Return. "Chip."*
*Legal Fiction.*

When an officer's return on a writ of attachment, on which no actual attachment was made, fails to show that he made a nominal attachment by attaching a chip as the property of the defendant, but does show that a summons was duly served upon the defendant, such officer will be permitted to amend his return in relation to the nominal attachment so as to accord with the fact when in his official capacity he states that he made a nominal attachment.

When a nominal attachment only is made on a writ of attachment, a hearing as to the physical fact of attaching a chip as the property of the defendant would be an idle ceremony. Such an attachment is a legal fiction and cannot be denied when stated in the return.

On exceptions by defendants Hawkens and Chisolm. Overruled.

Action on the case for false imprisonment. The writ was entered at the January term, 1907, of the Supreme Judicial Court, Knox County. The defendants, Hawkens and Chisolm, appeared specially by counsel and filed motions to dismiss the action as to them. The case as stated by the bill of exceptions is as follows:

"On the writ, which is the ordinary and regular writ of attachment, commanding the officer to attach the goods and estate of the defendants within named to the value of five hundred dollars, the officer's return omitting the service upon the treasurer of the Street Railway, is as follows:

"'Knox, ss.    December 1, A. D. 1906. At 12.30 o'clock in the afternoon, by virtue of this writ I attached a chip, the property

of the Rockland, Thomaston & Camden Street Railway, the within named defendants, A. J. Tolman, Sheriff.'

" ' Knox, ss. December 1, 1906. And on this day I summoned the within named Thomas Hawkens and Valentine Chisolm by giving to each in hand a summons for their appearance at court. A. J. Tolman, Sheriff.'

"The defendants Hawkens and Chisolm each seasonably filed a motion to dismiss said action as to them for want of sufficient service. The sheriff thereupon, by the attorney for the plaintiff filed the following petition to be allowed to amend his return :

" 'State of Maine. Knox, ss. Supreme Judicial Court. Harry Swift versus Thomas Hawkens, Valentine Chisolm and Rockland, Thomaston & Camden Street Railway.

"And now on the second day of the return term in this action comes A. J. Tolman in his capacity of Sheriff of Knox County and prays that he may be allowed to amend his return to this writ by inserting after the words ' a chip, the property of the Rockland, Thomaston & Camden Street Railway,' and before the words ' the within-named defendants,' the additional words and names ' Thomas Hawkins and Valentine Chisolm,' to the end that the amended return shall fully conform to the facts in the premises ; the facts being that in each instance he severally attached a chip as the property of each of the defendants named in the writ in this action. A. J. Tolman, Sheriff.'

"Upon the petition of the sheriff to amend his return the defendants requested that there be a hearing and evidence as to what the sheriff in fact did, and that the sheriff give his testimony and they have an opportunity to examine him in relation thereto. There was neither admission nor denial that the sheriff had gone through the physical act of taking possession of a chip as the property of any of the defendants.

"The defendants contended that all there was in fact to said attachment, as the sheriff wished to show by his return, was the return itself, and that in fact the sheriff did not make any attachment, but at most only intended to do so, which intention he failed to carry out.

"No opportunity was given to prove the facts, or to examine the sheriff as to what he in .fact did, although request therefor was made by the defendant's attorney ; the presiding Judge ruled that if the sheriff was willing to take the responsibility of the truth of the amendment he would permit the sheriff to amend his return so as to show the same attachment with respect to the defendants, Hawkens and Chisolm as was shown with respect to the other defendant, the Rockland, Thomaston & Camden Street Railway, and denied the motion to dismiss the action as to Hawkens and Chisolm. The plaintiff contended that the return was sufficient without amendment."

To the order allowing the sheriff to amend his return and to the denial of the motions to dismiss the defendants, Hawkens and Chisolm, excepted.

The pith of the case appears in the opinion.

*C. Vey Holman*, for plaintiff.

*Arthur S. Littlefield*, for defendant Rockland, Thomaston & Camden Street Railway, "and specially to object to service" for defendants Hawkens and Chisolm.

SITTING :  EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

PEABODY, J.   The writ in this case issued from the clerk's office of the Supreme Judicial Court for the County of Knox.  It was in form a regular and ordinary writ of attachment commanding the officers to whom it was addressed to attach the goods and estate of the defendants therein named to the value of five hundred dollars.

The officer's return showed the attachment of "a chip the property of the Rockland Thomaston & Camden Street Railway, the within named defendants."  The defendants, Hawkens and Chisolm, each seasonably filed a motion to dismiss the action as to them for want of sufficient service of the writ, they appearing for that purpose only.  Thereupon the sheriff petitioned the court for leave to amend his return to this writ by inserting after the words "a chip the property of the Rockland Thomaston & Camden Street Railway," and

before the words "the within named defendants" the additional words and names "Thomas Hawkens and Valentine Chisholm," in accordance with the facts, alleging that the facts were that in each instance he severally attached a chip as the property of each of the defendants named in the writ in this action.

Upon the petition to amend the return the defendants requested a hearing and evidence as to what the sheriff in fact did, but this request was refused, and the officer was permitted upon his statement of the facts to amend the return in accordance therewith, and the defendants' motion to dismiss was denied, by the presiding Justice.

To this ruling and action the defendants excepted and the case is before this court on the exceptions.

The bill of exceptions states that a summons was duly served upon each of the defendants within the county. There was therefore a legal service of the writ upon them if the officer has complied with the precept, so far as to give the court jurisdiction over the excepting defendants. The return shows an omission on the part of the officer to attach property of all of the defendants as directed by the writ, or it is defective in not stating the fact of an attachment if made. If defective in this respect it was clearly amendable to accord with the fact. A nominal attachment was, with the service of the summons, a compliance with the form of the writ. The sheriff in his official capacity states that he made a nominal attachment of property as to all the defendants. His act in changing the printed word defendant to defendants in his return, by writing the letter "s" with a pen indicates that the attachment applied to a plurality of defendants, and confirms his statement.

A hearing as to the physical fact of attaching a chip as the property of the defendants would be an idle ceremony. It was a legal fiction which cannot be denied when stated in the amended return; and the amended return shows a full compliance with the form of service of the writ of attachment on defendants.

*Exceptions overruled.*