E. LINWOOD JORDAN ET AL *vs.* JOHN A. McKAY.

Cumberland.      Opinion April 29, 1933.

*Raymond S. Oakes*, for plaintiff.
*John A. McKay*, pro se.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.   This is an action on the case for money alleged to be due the plaintiffs by the defendant. On the first day of the return term the defendant duly filed a motion to dismiss setting

forth that because of defective service the Court was without jurisdiction. This motion was overruled and exceptions were taken. At the succeeding term over the defendant's protest, a default was entered against him, and a hearing was had in damages, which were assessed in the sum of $314.18. To all of these proceedings the defendant excepted.

The practice followed in this instance was in strict accord with the provisions of the statute. On the overruling of his motion in abatement, the defendant had the right to answer over. R. S. 1930, Chap. 96, Sec. 37. On his failure to do so it was the duty of the Court to enter a default and to proceed and close the case by assessing the damages. Not till then could the cause be properly certified to the Law Court. R. S. 1930, Chap. 91, Sec. 28. *Klopot* v. *Scuik*, 131 Me., 499, 162 A., 782. The exceptions, taken to the procedure followed are accordingly without merit.

The service objected to in this case was made in the usual manner. The officer's return sets forth the attachment of a chip as the property of the defendant and the leaving "at his last and usual place of abode a summons for him to appear and answer at Court as therein commanded." The defendant contends that service so made is a violation of rights guaranteed him under the 14th amendment to the constitution of the United States, in that he has been denied due process of law, and furthermore that there has been no compliance with the provisions of R. S. 1930, Chap. 95, Sec. 17, in the service made on him because the officer's return shows no attachment of goods or estate of the defendant before the leaving of the summons.

The attachment of a chip as certified to in the officer's return is a legal fiction, but such nominal attachment is a sufficient compliance with the provision of the statute providing for the service of a summons when goods or estate are attached. *Swift* v. *Hawkens et als*, 103 Me., 371, 69 A., 620.

The service of a writ on a resident defendant in the mode prescribed by the statute by leaving a summons at his last and usual place of abode gives to the Court jurisdiction to enter a personal judgment against him. *Abbott* v. *Abbott*, 101 Me., 343, 64 A., 615. Nor is such procedure in any sense a denial of due process of law. *Santiago* v. *Nogueras*, 214 U. S., 260.

The citation of authorities to sustain a practice which for years has had the sanction of our court would seem to be almost superfluous. As the defendant, however, has had the temerity to raise the point we herewith render our opinion on it.

*Exceptions overruled.*

Dᴏʀᴏᴛʜʏ A. Fᴀʀʀᴇʟʟ, Pʀᴏ Aᴍɪ *vs.* Aʟᴇxᴀɴᴅᴇʀ Hɪᴅɪsʜ.

Jᴏʜɴ B. Fᴀʀʀᴇʟʟ *vs.* Aʟᴇxᴀɴᴅᴇʀ Hɪᴅɪsʜ.

Cumberland.     Opinion May 1, 1933.