Curtis G. Estabrook *vs.* Ford Motor Company.

Penobscot.     Opinion, January 23, 1940

*Stern and Stern,* for plaintiff.
*James E. Mitchell,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.    This is an action in which the plaintiff seeks to recover damages for the alleged negligence of the defendant. The defendant is described in the writ as "Ford Motor Company, of Detroit, Michigan, a corporation duly existing and having a place of business and doing business within this state, at Bangor, in said County of Penobscot." It is apparent from the pleadings and is conceded in argument that the defendant is to be treated as a foreign corporation doing business within this state.

In accordance with the provisions of R. S. 1930, Chap. 95, Sec. 19, service on such a corporation shall be made by leaving an attested copy of the writ, "with the president, clerk, cashier, treasurer, agent, director or attorney of such company or corporation,

or by leaving such copy at the office or place of business of such company or corporation within this state; and in each case, it shall be so served fourteen days at least before the return day thereof."

The officer's return of service of the writ reads as follows:

## "STATE OF MAINE

PENOBSCOT, ss                    September 22d, A. D. 1938.

By virtue of this writ, I this day attached a chip, the property of the within named defendant, and summoned it, FORD MOTOR COMPANY, by leaving an attested copy of this writ with its agent, Webber Motor Co., at the office and place of business of said Ford Motor Company within this state, by delivering to its said agent, Webber Motor Co., through delivery to Alburney E. Webber, treasurer of said Webber Motor Co., the said attested copy of this writ; and also written notice that trial at the return term is demanded by plaintiff.

Maurice L. Rosen ·
———————————
Deputy Sheriff"

The defendant through its attorney appeared specially for the sole purpose of questioning the jurisdiction of the court, and on the second day of the return term filed a motion praying that the court examine into the grounds of jurisdiction, and stay any further proceedings for want of proper and sufficient service and for lack of jurisdiction in the court over the cause. The grounds on which such motion is based are that the purported service was insufficient and defective as a matter of law, and what seems to be particularly relied on is that the Webber Motor Company, on which service purports to have been made, was not the agent of the Ford Motor Company.

To this pleading the plaintiff demurred; the court overruled the demurrer, and dismissed the case for want of service. A careful analysis of the reasoning of the presiding Justice will clarify the jurisdictional problem here involved.

A plea in abatement attacks the writ and not the declaration. It does not reach the merits of the case, but rather sets forth a reason why the defendant is not required to plead to the merits. Because of

this it is not favored by the court, and it is held that there must be an exact compliance with every requirement of statute or rule, whether of form or substance, or the plea will be overruled on a demurrer. *Burnham* v. *Howard*, 31 Me., 569 ; *Getchell* v. *Boyd*, 44 Me., 482.

The so-called motion of the defendant in this case, though filed within the time required by the rule, was insufficient as a plea in abatement because it did not, as pointed out by the presiding Justice, conclude with "praying judgment of the writ." *Hazzard* v. *Haskell*, 27 Me., 549. Assuming that it sought to bring to the attention of the court a defect in the service of the writ based on the claim that the Webber Motor Company was not the agent of the Ford Motor Company, it was ineffectual because a motion to dismiss reaches only a defect which is apparent on the face of the record. *Chamberlain* v. *Lake*, 36 Me., 388 ; *Littlefield* v. *Maine Central Railroad Company*, 104 Me., 126, 71 A., 657 ; *Continental Jewelry Co.* v. *Minsky*, 119 Me., 475, 111 A., 801.

The presiding Justice, though holding that the motion filed by the defendant was of no avail to bring before the court the question of fact which the defendant sought to raise, ruled that it did have "office to call the court's attention to the record." And the court held that the officer's return of service was defective on its face, because it did not appear in the return that the Webber Motor Company was a corporation, and if it was a corporation, it did not appear that it was a domestic corporation.

Two questions are therefore before us for decision. First : Was the officer's return as held by the presiding Justice defective on its face? Second : If it was, did the procedure followed by the defendant constitute a waiver of such defect?

The defect in the return of service is pointed out by the presiding Justice in the following language: "Assuming, but not deciding, that, within the contemplation of this statute, a domestic corporation may be an agent in this state of a foreign corporation here doing business, yet it nowhere appears in this return that the Webber Motor Co. is a corporation, and, if it be a corporation, it does not appear that it is a domestic corporation. So far as the return goes it may be a foreign corporation. And if it was a foreign corporation its residence is in the state where is was incorporated."

As an alternative the plaintiff claims that the officer's return is

sufficient because it shows that, in accordance with the provisions of R. S. 1930, Chap. 95, Sec. 19, the copy was left "at the office or place of business of" the defendant "within this state." But the officer's return does not so recite. It states specifically that the copy was left with the Webber Motor Company by delivery of it to Alburney E. Webber, the treasurer. The fact that the Webber Motor Company may have been located at the office and place of business of the Ford Motor Company is immaterial.

The ruling of the presiding Justice, that the service as shown by the officer's return was defective was correct. Did the defendant waive such defective service? The answer to this question brings us to a consideration of Rule V of the Supreme Judicial and Superior Courts, 129 Me., 505, about which there seems to be considerable confusion in the mind of counsel.

The rule reads as follows:

"Pleas and Motions in Abatement

Pleas or motions in abatement, or to the jurisdiction, in actions originally brought in this court, must be filed within two days after the entry of the action, the day of the entry to be reckoned as one, and if alleging matter of fact not apparent on the face of the record, shall be verified by affidavit."

The plaintiff appears to argue that because the defendant attempted by a motion to dismiss to call to the attention of the court a matter outside the record, it thereby lost the right to have the action dismissed for a defect which was apparent on inspection of the record. Such is not the law. Only by a procedure which would constitute a waiver of the defective service is a party barred from taking advantage of it.

Rule V must be read in connection with R. S. 1930, Chap. 96, Sec. 37, and Chap. 91, Sec. 28. From these provisions it appears that on the overruling of a plea in abatement or other dilatory plea a defendant has the right to answer over on the merits if he so desires. On doing so he may proceed to trial and at the close bring forward to the Law Court his exceptions to the overruling of the plea. The entry of a general appearance and the filing of a plea to the merits will not constitute a waiver of defects provided the dilatory plea is

filed in accordance with the rule. *Maine Bank* v. *Hervey*, 21 Me., 38 ; *Stowell* v. *Hooper*, 121 Me., 152, 116 A., 256 ; *Klopot* v. *Scuik*, 131 Me., 499, 162 A., 782. If the defendant does not answer over and there is no want of jurisdiction apparent on inspection of the record, a default may be entered. *Jordan* v. *McKay*, 132 Me., 55, 165 A., 902. The object of Rule V is to require a defendant to file his dilatory plea within the first two days of the return term. If he does not do so, he automatically waives the right to bring to the attention of the court matters *dehors* the record which could be shown under a strict plea in abatement. On the other hand the failure to do so will not cure defects apparent on the face of the record which go to the juris-diction. Let us take for example the present case in which the officer's return shows a defective service. As no jurisdiction was obtained over the defendant corporation it was under no obligation to an-swer at all. *Dow* v. *March*, 80 Me., 408, 15 A., 26.

The question before us therefore is whether the entry of a special appearance to object to the jurisdiction, together with the filing of the so-called motion which sought without avail to raise matters out-side the record, was a waiver of the defective service apparent from an inspection of the officer's return.

There is language in some cases which taken by itself might sug-gest that, even though a defect in service of a writ is apparent from inspection of the record, an objection thereto avails only when made within the time prescribed by the rule. Such unqualified statement is inconsistent with the decision in *Dow* v. *March*, supra, and with *Mace* v. *Woodward*, 38 Me., 426, both of which state the law cor-rectly. Such general language, when used in *Trafton* v. *Rogers*, 13 Me., 315, 320 ; *Cook* v. *Lothrop*, 18 Me., 260, 261 ; *Snell* v. *Snell*, 40 Me., 307 ; *Shaw* v. *Usher*, 41 Me., 102, 103, is readily explainable when the procedure followed in each of these cases is considered. In none of them was the motion made within the time prescribed by the rule, and there was in each either a general appearance, or a plea to the merits and a trial. In each instance it was very properly held that in view of such procedure there was a waiver of the defect. In *Rich-ardson* v. *Rich*, 66 Me., 249, there was a defective service and a mo-tion to dismiss filed on the tenth day of the term. The presiding Justice sustained this motion and an exception to such ruling was sustained. It is not altogether clear on just what ground the opinion

is based. Apparently the court proceeded on the theory that the defect was not apparent on the face of the record, for the opinion says, page 253: "It is undoubtedly true, as contended in the argument, that where the judgment would be erroneous the court will abate the action either with or without motion; and this it will do in any stage of the proceedings, if on inspection, it becomes apparent that there is a want of jurisdiction." In *Mace* v. *Woodward*, supra, a special appearance was filed in order to present a motion to the court to dismiss the action for want of legal service. The court held that the motion should be sustained even though not filed within the time required by the rule, and the limitation on the scope of the rule is well stated in the following language, page 427: "The motion in this case was too late by the rule, and could not avail, if the action could proceed, provided none had been made." In other words, the defendant had the right provided no general appearance or plea to the merits had been entered, at any time to ask a dismissal of the action, if it was beyond the power of the court to enter a default.

The failure of a defendant to call the attention of the court to a defective service apparent on the face of the record does not constitute a waiver and it becomes the duty of the court on its own initiative to dismiss the action and to refuse to enter a default. Such is the reasoning of *Dow* v. *March*, supra. And it must inevitably follow that the defendant in an appropriate manner may at any time after entry of the writ call the attention of the court to its duty in this respect without being held to have waived the defect. This is the decision in *Mace* v. *Woodward*, supra. The limitation is that a general appearance or a plea to the merits will waive the defect unless the motion is filed in accordance with the rule.

Although the motion in this case was unavailing to bring to the attention of the court the particular matter sought to be raised by the defendant — namely that the Webber Motor Company was not the agent of the Ford Motor Company — yet the motion did as the court well said serve to call the attention of the court to the return of service. The return being defective on its face, it was the duty of the court to dismiss the action.

One other suggestion made in argument needs to be considered. The plaintiff claims that the court below should have permitted an amendment of the officer's return. The conclusive answer to such

contention is that the plaintiff made no request of the presiding Justice for such amendment, but on the contrary preferred to rest his case on the sufficiency of such return.

The case of *Abbott* v. *Abbott*, 101 Me., 343, 64 A., 615, 617, is cited by the plaintiff to support his contention that an amendment of such return is now possible, presumably by this Court sustaining his exception and sending the case back to the Superior Court. But the case cited, not only is not authority for such a procedure, but supports the ruling of the presiding Justice in the present case in dismissing this action. A consideration of this case is illuminating. The defendant was described in the writ as a resident of Camden in the County of Knox. Real estate was attached but service was not made on the defendant, because at the time when service should have been made he could not be found and had no last and usual place of abode within the jurisdiction. At a subsequent term, on these facts being brought to the attention of the court, an order was made for a new service on the defendant. At the term at which this new service was returnable the defendant filed a motion to dismiss on the ground that the order required a service in hand whereas the officer's return showed a substituted service by leaving the summons at the defendant's last and usual place of abode. The motion to dismiss was overruled and the defendant excepted. The Law Court held that the ruling of the presiding Justice on the issue presented to him was correct, but it was brought to the attention of the Law Court that there was an inadvertent omission in the officer's return in that he stated that he left "at the last and usual place of abode a new summons" but neglected to state that it was at the "defendant's" last and usual place of abode. "On this ground alone" the Court said the exceptions must be sustained. These were the defendant's exceptions and not as in the case before us the plaintiff's exceptions. The Court then very properly called attention to the fact that as the case had to go back to the Trial Court, that court could, if the facts justified it, allow an amendment of the officer's return. The case was not sent back for that purpose but because the Law Court found on the face of the record a defect in service hitherto undiscovered. This is substantially the case before us except that there the defect was discovered in argument before the Law Court, in the instant case it was found by the presiding Justice. The final sentence of that opinion is

full justification for the action taken by the presiding Justice in this case. The Court said, page 348: "If the return is not amended the motion to dismiss must be sustained, unless further service of the writ shall be ordered."

We have in the instant case a return defective on its face, no motion to amend by the defendant but rather a reliance on the sufficiency of the return, a ruling by the presiding Justice dismissing the case for want of service, and exceptions to such ruling which must be overruled.

*Exceptions overruled.*

(DUNN, C. J., having deceased, did not join in this opinion.)